IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY ANN HARRISON** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:07CV111 LG-JMR** |
| | § | |
| **DOLGENCORP, INC.** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING THE REQUEST FOR SANCTIONS

THE MATTER BEFORE THE COURT is the Motion to Dismiss [35] filed by Defendant Dolgencorp, Inc. on July 14, 2008. Dolgencorp seeks dismissal of this matter based upon Harrison's failure to comply with the Court's Order to Compel discovery. Alternatively, Dolencorp seeks sanctions pursuant to FED. R. CIV. P. 37(b). The Plaintiff has filed a response, and Dolgencorp has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the sanctions, rather than dismissal, is appropriate.

DISCUSSION

Dolgencorp filed this Motion after having obtained an order granting its motion to compel. On June 13, 2008, the Court ordered Plaintiff Harrison to fully respond to propounded discovery by June 30, 2008, and to fully designate her experts by July 11, 2008. Because Harrison had done neither of these things, Dolgencorp requested that this case be dismissed or that other sanctions be imposed for Harrison's failure to comply, presumably pursuant to FED.R.CIV.P. 37(b)(2)(A)(v) and 37(d)(1)(A)(ii). Soon after the Motion to Dismiss was filed, Harrison provided her discovery responses to Dolgencorp. *See* Pl. Resp. 1. Counsel for Harrison

stated that Harrison suffered from "COPD"[1] and 'has had a difficult time in assisting counsel in the preparation of the discovery responses." *Id.* Harrison did not give any reason for her failure to supplement her expert designation, which consists only of two physician names and their addresses. Ct. R. 26-2 p. 1. There is no indication in the record that she has supplemented her expert designation, nor has she requested an extension of time to do so. Dolgencorp recently requested and was granted an extension of time within which to designate its experts, in view of its recent receipt of discovery from Harrison. *See* Text Only Order, August 7, 2008. This case is currently scheduled for jury trial in January 2009; the motions deadline is October 22, 2008.

"It is firmly established that a district court is authorized under Fed. R. Civ. P. 37[] to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order." *Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) (citations omitted). However, "[l]itigation-ending sanctions are, by their very nature, the last resort." *Fuqua v. Horizon/CMS Healthcare Corp.,* 199 F.R.D. 200, 204 (N.D.Tex. 2000) (citing *FDIC v. Conner,* 20 F.3d 1376, 1380 (5th Cir. 1994)). The Fifth Circuit has provided a set of considerations for district courts analyzing a Rule 37 motion:

> First, dismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders

---

[1] Harrison does not explain what "COPD" is, but Dolgencorp refers to it as a breathing disorder. Ct. R. 41 p. 2.

*Neal Spelce Assoc.,* 765 F.2d at 514 -515 (citations omitted).  *See also Butler v. Cloud*, 104 Fed.Appx. 373, 374-75, 2004 WL 1491611, *1-2 (5th Cir. June 25, 2004).

The circumstances of this case lead the Court to conclude that dismissal is not warranted. Dolgencorp has been hampered in its ability to prepare for trial by Harrison's failure to provide any discovery responses until Dolgencorp filed a second motion to obtain discovery.  However, there is still adequate time before the motions deadline and trial date for counsel to prepare for trial.  Further, it is not clear what roles Harrison and her counsel played in Harrison's failure to provide the ordered discovery, although supplementing an expert designation is something that should require no assistance from Harrison.  These factors weigh against dismissal.  However, Harrison has not complied with the Court's June 13, 2008 Order to fully designate her experts, has not attempted to explain her lack of compliance, and has not requested an extension of time to do so.  Therefore, sanctions should be imposed.  Pursuant to FED. R. CIV. P. 37(b)(2)(A)(ii) and (c)(1).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [35] filed by Defendant Dolgencorp, Inc. is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Dolgencorp's request for sanctions is **GRANTED.**  Pursuant to FED. R. CIV. P. 37(b)(2)(A)(ii) and (c)(1), Plaintiff is prohibited from introducing the testimony of Dr. M.F. Longnecker or Dr. Terry C. Smith at trial.

**SO ORDERED AND ADJUDGED** this the 22nd day of August, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE