IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY ANN HARRISON** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:07CV111 LG-JMR** |
| | § | |
| **DOLGENCORP, INC. and JOHN** | § | |
| **DOES 1-5** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [49] filed by the Defendant, Dolgencorp, Inc. Plaintiff has filed a response, and the Defendant has replied. After due consideration of the submissions, it is the Court's opinion that there is no question of material fact for the jury in this premises liability case. The Defendant's Motion will therefore be granted.

DISCUSSION

FACTS AND PROCEDURAL HISTORY:

Shirley Ann Harrison has sued to recover damages for injuries incurred while shopping in the Dollar General store in January 2004. She slipped and fell almost immediately after entering the store. Ct. R. 49-2 p. 6. She smelled pine oil and felt it soaking her clothes and hair. *Id*. at 6-7. She remained prone on the floor until emergency medical services arrived to transport her to the hospital. *Id.* at 7. It was discovered that the pine oil had been leaking out of a bottle in the shopping cart of another customer, who was at the front register checking out at the time of Harrison's fall. Ct. R. 49-2 p. 17.

Harrison filed her complaint against Dolgencorp in Harrison County Circuit Court alleging that Dolgencorp was negligent in failing to provide a reasonably safe business premises.

Dolgencorp thereafter removed the case to this Court, and now requests judgment as a matter of law on Harrison's claims.

BUSINESS PREMISES LIABILITY:

There is no dispute that Harrison was a business invitee on Dolgencorp's premises at the time of her injury. "Under Mississippi law, proof of an injury of a business invitee is not the basis for premises liability, rather negligence of the business owner must be shown." *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007) (citation omitted). The operator of a business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition. *Id.* However, the business operator is not the insurer against all injuries. *Id.* "To prove that the business operator was negligent, the plaintiff must show either (1) the operator caused the dangerous condition, or (2) where a third person unconnected with the store's operation caused the condition, that the operator had actual or constructive knowledge of the condition." *Id*.

"Under well-established Mississippi law, negligence may be proved by circumstantial evidence, provided that the circumstances are sufficient to take the case 'out of the realm of conjecture and place it within the field of legitimate inference.'" *Thomas v. Great Atl. & Pac. Tea Co., Inc*. 233 F.3d 326, 329-30 (5th Cir. 2000) (citation omitted). "If proof of causation is to be established circumstantially, the evidence must be sufficient to make the plaintiff's asserted theory *probable*, not merely *possible*; and it is usually for the trier of fact to say whether the proffered circumstantial evidence meets this test." *Id.* at 330 (emphasis in original). The inference must cover all of the necessary elements of negligence, and must point to a breach of defendant's duties. *Dees v. Campbell*, 183 So. 2d 624 (Miss. 1966).

Harrison argues that Dolgencorp caused a dangerous condition by stocking the store shelves with a bottle they knew, or should have known, had a leak.  Harrison also argues that if a third person caused the spill, a "walk-through" performed on a regular and timely basis would have revealed the spill to the store operator.

After examining the evidence presented by the parties, the Court finds nothing indicating that the spill was due to any act or conduct of the operator or employees of Dolgencorp. Harrison's conjecture that the pine oil bottle was defective and that Dolgencorp knew or should have known of the defect is unsupported by any evidence.

Further, there is no evidence that any of Dolgencorp's employees had knowledge of the spilled liquid before Harrison's slip and fall.  Anna Peden - an assistant manager for Dolgencorp at the time - testified that she was behind the register ringing up another customer's purchases when Harrison walked into the store. Ct. R. 49-2 p. 17.  The other customer had a "large amount" in her cart, at the bottom of which was the bottle of pine oil.  *Id.*  It had been leaking out as the customer walked through the store, and had pooled below the cart without anyone noticing.  *Id.*  Harrison slipped on the pooled pine oil as she walked by the register area.  *Id.* at 3,4.  Peden testified that she didn't notice the pine oil "until I had come from behind the register after she had fell and, then, I could see it just dripping, you know, we've got something leaking here in the bottom of the buggy." *Id*. at 5.

Harrison has failed to provide any evidence that Peden or any other employee of Dolgencorp knew of the dangerous condition of pine oil on the floor, that any employee of Dolgencorp caused the pine oil to be on the floor, or that the dangerous condition had existed for a sufficient period of time to establish constructive knowledge.  The evidence produced in this

case is not sufficient to take it out of the realm of conjecture and place it within the field of legitimate inference.  *See Criss v. Lipscomb Oil Co.*, 990 So. 2d 771, 773 (Miss. Ct. App. 2008). The Court therefore concludes that Harrison has failed to show that there is a question of material fact for the jury as to Dolgencorp's negligence.  Accordingly, summary judgment will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Motion for Summary Judgment [49] filed by the Defendant, Dolgencorp, Inc., is **GRANTED**.  Plaintiff's claims against the Defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 14th day of November 2008.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge